UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KRONSKI HOWARD,** ) | |
| ) | |
| **Movant,** ) | |
| ) | No. 3:13-cv-00290 |
| v. ) | Chief Judge Sharp |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## M E M O R A N D U M

Kronski Howard, a federal prisoner presently housed at the Federal Correctional Institution in Manchester, Kentucky[1] brings this *pro se* action pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct an allegedly illegal sentence imposed by this court on September 17, 2012. (Docket No. 1). For the reasons set forth herein, the court finds that, with regard to Howard's ineffective assistance of counsel claim, an evidentiary hearing is required to resolve the question of whether Howard did or did not expressly direct his counsel to file a notice of appeal after entry of judgment. The court further finds that Howard's motion as to his Due Process claim will be denied.

**I.  Procedural History**

In January 2011, Howard was indicted of conspiracy to distribute and possess with intent to distribute controlled substances, including 500 grams or more of cocaine and 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Case No. 3:11-cr-00012, Docket No. 202)(Wiseman, J.). Howard entered a plea of guilty on September 4, 2012. (*Id.*, Docket No. 1200).

---

[1] Howard has not notified the court of his change of address. Beginning in 2013, mail sent by the court to the address Howard provided to the court was returned as "undeliverable." (Docket Nos. 20, 25, 30). The court has verified that Howard now is held at the Manchester FCI facility. *See* www.bop.gov/inmateloc. According to the Bureau of Prisons website, Howard's release date is June 22, 2019. *Id.*

1

On that same day, the court sentenced Howard to 130 months' imprisonment. (*Id*.) The court noted that, in his plea agreement, Howard waived his rights to appeal except in limited circumstances. (*Id.*, Docket No. 1913 at pp. 7, 18).

Approximately five months later, on February 19, 2013, Howard filed a *pro se* Notice of Appeal. (*Id*., Docket No. 1351). The United States Court of Appeals for the Sixth Circuit dismissed the appeal as untimely. (*Id.*, Docket No. 1362). Howard filed his present motion under § 2255 on March 27, 2013. (Docket No. 1).

## II.    The Current Motion

First, Howard asserts a claim of ineffective assistance of counsel. Specifically, Howard contends that his counsel was ineffective because, although Howard specifically told his counsel after the sentence was imposed (Docket No. 5 at p. 3) that he wanted to appeal his plea and sentence, his attorney failed to file a notice of appeal. (Docket No. 1 at p. 3). Howard's motion was signed under penalty of perjury, attesting that he instructed his attorney that he wanted to file a notice of appeal. (*Id.* at p. 6).

Shortly after the motion was filed, the court conducted a preliminary examination thereof and determined that the motion stated a colorable claim for relief. (Docket No. 13). The court entered an order directing the government to answer, plead or otherwise respond. (*Id.*) After seeking and receiving extensions of time within which to respond, the government has now filed its response along with an affidavit from Howard's former counsel, Thomas Drake. (Docket No. 28).

In his affidavit, Drake states that he does not remember Howard asking him to file an appeal. (Docket No. 28-1 at p. 3). He states that if Howard had asked him to file an appeal, he would have, and he would have filed an "Anders" brief since Howard had waived his right to file an appeal. (*Id.*

2

at p. 4).

Second, Howard claims that his Due Process rights were violated because defense counsel did not file a sentencing memorandum or otherwise advocate for a lower sentence than the agreed 130 month sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) in this case. (Docket No. 1 at p. 4).

The government, in response, contends that Howard's position is "completely nonsensical" because Howard requested immediate sentencing and, under those circumstances, defense counsel would not have been able to file a sentencing memorandum as Howard insists should have occurred. As the government explains, "[i]n petitioner's scenario, defense counsel would have been asking the Court to accept the plea and plea agreement, and then immediately asking the Court to reject that same plea agreement. Such conduct would not have inured to the petitioner's benefit." (Docket No. 28 at p. 2 n.2).

## III. 28 U.S.C. § 2255 Standard

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United* States, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v.*

*Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United* States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

**IV.     Analysis**

    **A.     Ineffective assistance of counsel claim**

Howard's first claim is that his counsel was ineffective for failing to file a notice of appeal, despite Howard's express directive that he do so. As noted above, Howard's § 2255 motion is subscribed as true "under penalty of perjury" and is dated and signed, and therefore has the same effect as a sworn affidavit. 28 U.S.C. § 1746; *see United States v. Davis*, 28 Fed. App's 502, 503 (6th Cir. 2002)("Declarations made under penalty of perjury may be submitted in lieu of affidavits in federal court."). Drake, for his part, has submitted an affidavit stating under oath that he was never requested by Howard to file a notice of appeal. These competing statements are sufficient to create an issue of fact as to whether Howard did in fact ask Drake to file a notice of appeal on his behalf.

A prisoner who files a motion under § 2255 challenging a federal court conviction is generally entitled to a hearing at which the district court is to "determine the issues and make finding of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Fontaine v. United States*, 411 U.S. 213, 215 (1973)(quoting 28 U.S.C. § 255(b)). Because there is a disputed issue of fact as to whether Howard did or did not direct his

4

attorney to file a notice of appeal after his sentencing, a hearing to resolve that factual dispute is required. If Howard is able to establish that his attorney disregarded his directive to file a notice of appeal, the remedy will be to grant the § 2255 motion in order to allow Howard to take a delayed direct appeal. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Carrion v. United States*, 107 F. App'x 545, 547 (6th Cir. 2004); *United States v. Leachman*, 309 F.3d 377, 380 n.4 (6th Cir. 2002).

**B.     Due Process claim**

Howard contends that his Due Process rights were violated because Drake did not file a sentencing memorandum or otherwise advocate for a lower sentence than the agreed 130 month sentence. If Howard has a Due Process claim in this 28 U.S.C. § 2255 proceeding concerning the validity of his federal judgment of conviction and sentence, it must fall under the Due Process Clause of the Fifth Amendment. *United States v. Morrison*, 529 U.S. 598, 621 (2000); *Bybee v. City of Paducah*, 46 Fed. App'x 735, 737 (6th Cir. 2002).

As noted in defense counsel's affidavit and as is clear from the record of Howard's criminal case, he entered a plea of guilty and was sentenced on the same day. He requested immediate sentencing under the terms of the binding plea agreement to which he specifically agreed. (Docket No. 28-2)(Plea and Sent'g Tr. at pp. 6, 12, 16). As a practical matter, the government is correct that asking defense counsel to advocate against the plea agreement which had just been entered likely would not have inured to Howard's benefit. If such conduct had caused the court to reject the binding plea agreement, Howard likely would have been indicted on further charges to which he was vulnerable and he would have been subject to a longer sentence. Specifically, a charge of violating 18 U.S.C. § 924(c) would have carried a mandatory consecutive minimum sentence of five years

5

imprisonment. (*See, e.g.*, Docket No. 28-2)(Plea & Sent'g Tr. at p. 13). Furthermore, Howard's assertion that he would have qualified for the safety valve exception to the applicable mandatory minimum of 10 years imprisonment also is unlikely given his admission that "HOWARD was armed during the drug conspiracy to protect himself and his drug-related assets from robbery . . . ." (Docket No. 28-3)(Plea Agrm't at p. 6).

Notwithstanding the above points, Howard's Due Process claim falls within the scope of the waiver he signed as part of his plea agreement which effectively waived the right to raise this issue on collateral review. (*Id.*)(Plea Agrm't at p.15). Howard confirmed that he read and understood his plea agreement. (Docket No. 28-2)(Plea & Sent'g Tr. at p. 6).

The Sixth Circuit has determined that a criminal defendant may waive "'any right, even a constitutional right' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001)(citation omitted). Because the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived, plea agreements that include waivers of § 2255 rights are generally enforceable if the defendant entered into the waiver agreement knowingly, intelligently, and voluntarily. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). In other words, a knowing and voluntary waiver in a plea agreement not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 is an effective means to bar such relief. *Id.* at 451. Thus, Howard's Due Process violation claim is barred from collateral review because the waiver contained in his plea agreement is sufficient to bar relief to this claim in this case.

In summary, Howard is bound by his plea agreement wherein he expressly waived "the right to challenge the sentence imposed in any collateral attack, including but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or 28 U.S.C. § 2241, and/or 18 U.S.C. § 3582(c)" except

for claims of "involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (Docket No. 28-3)(Plea Agrm't at p. 13). Howard does not claim nor does the record indicate that he did not knowingly, intelligently, and voluntarily waive his § 2255 rights. Accordingly, since Howard's Due Process claim is not covered by any of the grounds reserved by him in the plea agreement, he has waived his right to bring the claim.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Howard has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to his Due Process claim.

## V. Conclusion

Because an evidentiary hearing is required as to Howard's claim of ineffective assistance of counsel, he is entitled to be represented by counsel at such a hearing. Rule 8(c), Rules Gov'g § 2254 Cases. By separate order, the court will set this matter for a hearing and direct the appointment of counsel for Howard.

Howard's Due Process claim will be denied, and a certificate of appealability will not issue as to that claim.

An appropriate Order will enter.

Kevin H. Sharp
Chief United States District Judge